

125 Broad Street, 19th Floor
New York, NY  10004
212.607.3300
212.607.3318
www.nyclu.org

May 20, 2015

**VIA ECF**

Honorable Arlene R. Lindsay
United States Courthouse
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

                    Re: <u>Jones v. Suffolk County & Parents for Megan's Law, et al.</u>,
                          Docket No. 15-cv-0111 (JS) (ARL)

Dear Judge Lindsay:

      On behalf of Plaintiff John Jones, who challenges a Suffolk County home investigation program that targets registered sex offenders, we write to request that the Court schedule an initial conference as soon as practicable because Plaintiff intends to seek a preliminary injunction against further investigations at his home and wishes to present an order to show cause seeking expedited discovery related to that motion.[1] Plaintiff makes this request at this juncture because Defendants' multiple requests for extensions have substantially delayed advancement of the case and because the prospect of settlement suggested by Defendant Parents for Megan's Law ("PFML") has never materialized, leaving Plaintiff in the position of now facing another investigation within the next 60 days.

      By way of background, Plaintiff filed his Complaint on January 9, 2015 seeking injunctive relief against future investigations at his home by PFML pursuant to Defendant Suffolk County's Community Protection Act ("the CPA"), as well as damages for two prior investigations. The CPA authorized the County and PFML to enter into a contract requiring PFML to engage in "verification of residency reporting of all registered sex offenders" under the New York State Sex Offender Registration Act ("SORA"). Compl. ¶¶ 23, 25-26. The resulting contract requires that PFML – working jointly with the Suffolk County Police Department ("SCPD") – conduct home investigations of Level One registrants such as Plaintiff once a year and authorizes PFML to conduct additional home investigations upon written request of the SCPD. Id. ¶¶ 29-31.

      After receiving a letter from the SCPD telling him that he is required to comply with the demands for documentation and questioning by PFML agents, Plaintiff has been subject to two

---

[1] "John Jones" is a pseudonym used by Plaintiff because he fears harassment and retaliation if he is publicly identified in relation with this litigation. Plaintiff's motion to proceed under pseudonym was granted by this Court on May 4, 2015.

invasive visits at his home pursuant to the Act and its implementing contract. Id. ¶¶ 33-59. Plaintiff was last visited by PFML agents in July 2014. Id. ¶¶ 54-55. Pursuant to the contract, Plaintiff will be subject to another investigation in violation of his constitutional rights no later than July 2015. Id. ¶ 31.

This request is necessary at this time because Defendants' repeated requests for extensions on their motions to dismiss have continually delayed the advancement of the case and the next investigation by PFML is now imminent. Specifically, Suffolk County requested a 30-day and a one week extension to move to dismiss the Complaint on February 2 and February 27, respectively. PFML requested three extensions to move to dismiss the Complaint, a 30-day extension on February 4, a one week extension on March 6, and another 30-day extension on March 13. Although PFML represented to the Court in its March 13 request that the parties had made progress in settlement discussions, the parties have not reached agreement on material terms and discussions have ceased. Most recently, both Defendants have requested an additional one week to reply to Plaintiff's opposition to the motions to dismiss, such that their motions will not be fully briefed until June 5.

For these reasons, we seek to move for a preliminary injunction precluding further home investigations, including the next investigation scheduled on or before July 2015. To that end, we respectfully request that the Court set a conference to be held as soon as practicable to allow Plaintiff to present an order to show cause seeking expedited discovery in support of Plaintiff's motion to enjoin PFML and the County from conducting further investigations. Plaintiff's counsel is available Friday, May 22 and May 26-29.

Respectfully submitted,

_____/s/_____
Erin Beth Harrist
Dana B. Wolfe
Christopher Dunn
New York Civil Liberties Union

Larry Spirn
Jennifer Spirn
Spirn & Spirn, Esqs.

*Counsel for Plaintiff*

cc: Rudolph Baptiste, Esq.
Assistant County Attorney
Suffolk County Department of Law
*Counsel for Defendant Suffolk County*

Michael Miranda, Esq.
Andrew A. Lipkowitz, Esq.
Miranda Sambursky Slone Sklarin Verveniotis LLP
*Counsel for Defendant Parents for Megan's Law*