UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN JONES,

                       Plaintiff,

      -against-

COUNTY OF SUFFOLK, and PARENTS FOR
MEGAN'S LAW,

                       Defendants.

------------------------------------------------------------------x

Docket No.: 15-CV-0111
          (LDW) (ARL)

**ANSWER**

      Defendants, COUNTY OF SUFFOLK and PARENTS FOR MEGAN'S LAW, by their attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, hereby answers the plaintiff's Complaint (hereinafter referred to as "complaint") as follows:

1.     Deny the allegations contained in paragraph "1" of the complaint.

2.     Deny the allegations contained in paragraph "2" of the complaint except admit the County contracted with Parents for Megan's Law ("PFML").

3.     Deny the allegations contained in paragraph "3" of the complaint.

4.     Deny the allegations contained in paragraph "4" of the complaint.

5.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint.

6.     Deny the allegations contained in paragraph "6" of the complaint except admit defendant Suffolk County is a municipal corporation.

7.     Deny the allegations contained in paragraph "7" of the complaint except admit defendant Parents for Megan's Law is a 501(c)(3) non-profit organization headquartered in Stony Brook, N.Y.

8. Deny the allegations contained in paragraph "8" of the complaint.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10. Deny the allegations contained in paragraph "10" of the complaint except admit Mr. Jones was convicted of an offense which now requires him to register under the New York State Sex Offender Registry Act ("SORA").

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the complaint.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the complaint.

13. Deny the allegations contained in paragraph "13" of the complaint.

14. Deny the allegations contained in paragraph "14" of the complaint and respectfully refer all questions of law to the Court.

15. Deny the allegations contained in paragraph "15" of the complaint and respectfully refer all questions of law to the Court.

16. Deny the allegations contained in paragraph "16" of the complaint and respectfully refer all questions of law to the Court.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the complaint.

18. Deny the allegations contained in paragraph "18" of the complaint and respectfully refer all questions of law to the Court.

19. Deny the allegations contained in paragraph "19" of the complaint and respectfully refer all questions of law to the Court.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the complaint.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the complaint.

22. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the complaint.

23. Admit the allegations contained in paragraph "23" of the complaint.

24. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the complaint.

25. Deny the allegations contained in paragraph "25" of the complaint and beg leave to refer to the Community Protection Act ("CPA") for its terms and import.

26. Deny the allegations contained in paragraph "26" of the complaint except admit PFML is a private victims' advocacy organization.

27. Deny the allegations contained in paragraph "27" of the complaint.

28. Admit the allegations contained in paragraph "28" of the complaint.

29. Deny the allegations contained in paragraph "29" of the complaint and beg leave to refer to document for its import.

30. Deny the allegations contained in paragraph "30" of the complaint and beg leave to refer to document for its import.

31. Deny the allegations contained in paragraph "31" of the complaint and beg leave to refer to document for its import.

32. Deny the allegations contained in paragraph "32" of the complaint.

33. Deny knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph "33" of the complaint.

34. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the complaint.

35. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the complaint.

36. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the complaint.

37. Deny the allegations contained in paragraph "37" of the complaint except admit representatives of PFML visited plaintiff at his residence.

38. Admit the allegations contained in paragraph "38" of the complaint.

39. Deny the allegations contained in paragraph "39" of the complaint.

40. Admit the allegations contained in paragraph "40" of the complaint.

41. Deny the allegations contained in paragraph "41" of the complaint except admit that representatives of PFML patiently waited for plaintiff.

42. Deny the allegations contained in paragraph "42" of the complaint.

43. Deny the allegations contained in paragraph "43" of the complaint.

44. Deny the allegations contained in paragraph "44" of the complaint.

45. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the complaint.

46. Deny the allegations contained in paragraph "46" of the complaint.

47. Deny the allegations contained in paragraph "47" of the complaint.

48. Deny the allegations contained in paragraph "48" of the complaint.

49. Deny the allegations contained in paragraph "49" of the complaint and respectfully

refer all questions of law to the Court.

50. Deny the allegations contained in paragraph "50" of the complaint.

51. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the complaint.

52. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the complaint.

53. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the complaint.

54. Deny the allegations contained in paragraph "54" of the complaint except admit representatives visited plaintiff's home and left upon being told plaintiff was not home.

55. Admit the allegations contained in paragraph "55" of the complaint.

56. Deny the allegations contained in paragraph "56" of the complaint.

57. Deny the allegations contained in paragraph "57" of the complaint.

58. Deny the allegations contained in paragraph "58" of the complaint.

59. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the complaint.

60. Deny the allegations contained in paragraph "60" of the complaint.

61. Deny the allegations contained in paragraph "61" of the complaint.

62. Deny the allegations contained in paragraph "62" of the complaint and respectfully refer all questions of law to the Court.

63. Deny the allegations contained in paragraph "63" of the complaint and respectfully refer all questions of law to the Court.

64. Deny the allegations contained in paragraph "64" of the complaint and respectfully

refer all questions of law to the Court.

65. Deny the allegations contained in paragraph "65" of the complaint.

66. Deny the allegations contained in paragraph "66" of the complaint as this claim has been dismissed by order dated February 16, 2016.

67. Deny the allegations contained in paragraph "67" of the complaint.

68. Deny the allegations contained in paragraph "68" of the complaint.

69. Deny the allegations contained in paragraph "69" of the complaint as this claim has been dismissed by order dated February 16, 2016.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. The Complaint fails to state a claim for which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. The Answering Defendant is not a state actor and therefore the protections of the Fourth Amendment do not apply.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. Plaintiff does not have standing to challenge the Community Protection Act.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Plaintiff is unable to meet the legal requirements for the entry of declaratory and injunctive relief and this Complaint should be dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. The Complaint does not allege a search within the meaning of the Fourth Amendment.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. The Complaint does not allege a seizure within the meaning of the Fourth

Amendment.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76.     All actions taken by PFML were reasonable, brief, unobtrusive attempts to verify plaintiff's identity that are not prohibited by the Constitution.

**WHEREFORE,** defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:  Mineola, New York
        March 15, 2016

        MIRANDA SAMBURSKY SLONE
        SKLARIN VERVENIOTIS LLP
        Attorneys for Defendant
        PARENTS FOR MEGAN'S LAW

        /s/ Richard B. Epstein
        _____
        Michael A. Miranda (MAM-6413)
        Richard B. Epstein (RE-7645)
        240 Mineola Boulevard
        Mineola, New York 11501
        (516) 741-7676

TO:  (Via ECF)

Erin B. Harrist, Esq.
Christopher Dunn, Esq.
Dana B. Wolfe, Esq.
New York Civil Liberties Union
Attorneys for Plaintiff
125 Broad Street, 19th Floor
New York, NY 10004

Lawrence Spirn, Esq.
Jennifer Spirn, Esq.
Spirn & Spirn, Esqs.
Attorneys for Plaintiff
150 Vanderbilt Motor Parkway
Hauppauge, NY 11788