

125 Broad Street, 19th Floor
New York, NY 10004
212.607.3300
212.607.3318
www.nyclu.org

June 13, 2016

**VIA ECF**

Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

                Re: <u>Jones v. Suffolk County & Parents for Megan's Law, et al.</u>,
                   Docket No. 15-cv-0111 (JS) (ARL)

Dear Judge Lindsay:

      We represent the Plaintiff, a former registrant under the Sex Offender Registration Act ("SORA"), in this action challenging the home investigations conducted of Plaintiff by Defendant Parents for Megan's Law ("PFML") pursuant to the Community Protection Act ("CPA"), a local law enacted by Defendant Suffolk County. Because of several recent developments, we believe that this matter can likely be resolved prior to the completion of discovery and respectfully request that the Court schedule a settlement conference at its earliest convenience. Settling the litigation at this time would avoid the need for costly and burdensome discovery, including the resolution of several ongoing discovery disputes, such as PFML's failure to respond to Plaintiff's first set of document requests and interrogatories, served on March 16.

      Plaintiff alleges that he was compelled, through various acts of the Defendants, to comply with the home investigations conducted at his residence. Although the County had at first declined to clearly state its position on that issue, the County more recently clarified its position in a January 28 letter to the Court (attached). In that letter, the County asserted that the investigation program "imposes no obligation on the part of the registered sex offender to take any action nor is there any penalty imposed upon a registered sex offender for not verifying his or her address."

      A stipulation memorializing this statement would resolve Plaintiff's concerns about future investigations under the CPA, concerns that remain relevant in light of recent events. While the initial contract with the County authorizing PFML to conduct the investigations expired on April 30, 2016, the County indicated its intent to renew the program in a recent meeting of the legislature on June 1. And although Plaintiff expired off the registry this past March, bills currently pending before the New York State legislature would place him back on the registry, once again subjecting him to the Community Protection Act (see, e.g., SB 6351, A8503/S6066).

      In addition to the stipulation, Plaintiff seeks only an agreement by both Defendants to extend the current protective order until a reasonable time after the conclusion of the litigation.

This protective order was designed to protect the identity of Mr. Jones in recognition of the dangers he and his family face if publicly disclosed as the litigant in this case. See Order dated May 4, 2015 (granting Plaintiff's motion to proceed under pseudonym).

In the event the County stipulates that compliance with the program is voluntary and both Defendants agree to extend the protective order, Plaintiff will forgo any damages. For these reasons, Plaintiff respectfully requests a settlement conference at this time prior to beginning depositions in the matter and before seeking the Court's involvement in several ongoing discovery disputes. For scheduling purposes, please note that Plaintiff's and the County's counsel are not available the afternoon of June 29, June 30, July 5-8 or July 11-15.

                                Respectfully submitted,

                                /s/
                              Erin Beth Harrist
                              Aadhithi Padmanabhan
                              Christopher Dunn
                              New York Civil Liberties Union
                              125 Broad St., 19th Floor
                              New York, NY 10004
                              212-607-3399

                              Larry Spirn
                              842 Fort Salonga Rd., Suite 2
                              Northport, NY 11768
                              631-651-9070

                              *Counsel for Plaintiff*

cc:    Marlene Budd, Esq.
       Assistant County Attorney
       Suffolk County Department of Law
       *Counsel for Defendant Suffolk County*

       Michael A. Miranda, Esq.
       Richard Epstein, Esq.
       Miranda Sambursky Slone Sklarin Verveniotis LLP
       *Counsel for Defendant Parents for Megan's Law*

# COUNTY OF SUFFOLK



**STEVEN BELLONE**
SUFFOLK COUNTY EXECUTIVE

DENNIS M. BROWN
COUNTY ATTORNEY

DEPARTMENT OF LAW

<u>*Via Electronic & First Class Mail*</u>

January 28, 2016

Hon. Joanna Seybert
Eastern District of New York
Long Island Federal Courthouse
Central Islip, New York 11722

Re:   *Jones v. Suffolk County et al.*
      Docket No. 15-CV-0111 (JS)(ARL)

Dear Judge Seybert:

We represent Defendant County of Suffolk in this action and write in response to Plaintiff's most recent letter reiterating his position that the address verification provisions at issue in this case are preempted by State law.

Plaintiff directs this Court again to the decision in *People v. Cooper*, 49 Misc.3d 132 (A), 2015 WL 5775846 (N.Y. App. Term Sept. 18, 2015) and now to the subsequent decision on December 4, 2015 denying leave to appeal in that case.

Neither decision in *People v. Cooper*, *supra*, dictates a finding that the particular provisions of the Suffolk County Community Protection Act ("CPA") involved herein are preempted. The criminal case in *Cooper* addressed a requirement that homeless registered sex offenders notify the police department when they are residing temporarily at an emergency shelter. In contrast, the CPA residential address verification program (Suffolk County Code §745-34) is a ministerial function provided for by the employees of co-defendant Parents for Megan's Law. This separate, distinct and severable provision of the CPA does not regulate residency and imposes no obligation on the part of the registered sex offender to take any action nor is there any penalty imposed upon a registered sex offender for not verifying his or her address. It in no way restricts or impedes where a registered sex offenders can reside nor does it require the registered sex offender to report residency or other related information to any local agency or authority. The record keeping functions involved in the address verification program are to assist the Suffolk County Police Department in meeting its obligations under the Sex Offender Registration

LOCATION
H. LEE DENNISON BLDG.
100 VETERANS MEMORIAL HIGHWAY

MAILING ADDRESS
P.O. BOX 6100
HAUPPAUGE, NY 11788-0099

(631) 853-4049
TELECOPIER (631) 853-5169

Letter to Judge Seybert
January 27, 2016
Page 2 of 2

Act (SORA) and aid it in the effective performance of its duties under SORA. In fact, SORA seeks cooperation from local law enforcement agencies and this program is in furtherance of that mandate.

The address verification system is not encompassed by SORA, does not intersect with SORA and therefore, falls outside SORA and all other related regulations, to wit, Corrections Law §168 et seq., Executive Law §243 (4), 259 (5) or Social Services Law § 20 (8). Even where the State's laws occupy a field, a local program, such as the one herein, should be permitted to operate as it does not regulate any conduct, does not prohibit any conduct, does not impose any restrictions, and does not "inhibit the operation" of the State's law. *See, e.g., Jancyn Manufacturing Corp. v. County of Suffolk*, 71 N.Y.2d 91, 97-98, 524 N.Y.S.2d 8, 518 N.E.2d 903 (1987).

Further, the state courts have determined the issue of preemption in this area and should continue to do so to maintain uniformity. This policy ensures consistent state court decisions in an area involving a question of purely state law. Defendant has maintained this position consistently before this Court which is unaffected by the recent rulings referred to by Plaintiff. *See* ECF Docket Entries Nos. 25 & 53.

The undersigned thanks the Court in advance for its consideration with regard to this matter.

Respectfully submitted,

Dennis M. Brown
County Attorney

*/s/ Marlene L. Budd*
By:   Marlene L. Budd
      Assistant County Attorney

MLB

CC via ECF:   Erin B. Harrist, Esq.
              Larry F. Spirn, Esq.
              *Counsel for Plaintiff*

              Michael A. Miranda, Esq.
              Richard Epstein, Esq.
              Miranda Sambursky Slone Sklarin Verveniotis LLP
              *Counsel for Defendant Parents for Megan's Law*